1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

### EASTERN DISTRICT OF CALIFORNIA

7
8

STACEN OMAR
OUTHOUMMOUNTRY,

9

Plaintiff,

10

v.

11

FUNDERBURK, *et al.*,

12

Defendants.

13
14

Case No.  1:22-cv-00954-JLT-BAM (PC)

SCREENING ORDER GRANTING
PLAINTIFF LEAVE TO FILE AMENDED
COMPLAINT

(ECF No. 1)

**THIRTY (30) DAY DEADLINE**

15

Plaintiff Stacen Omar Outhoummountry ("Plaintiff") is a state prisoner proceeding *pro se*

16

and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint,

17

filed on August 1, 2022, is before the Court for screening.  (ECF No. 1.)

18

**I.      Screening Requirement and Standard**

19

The Court is required to screen complaints brought by prisoners seeking relief against a

20

governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

21

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

22

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

23

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

24

A complaint must contain "a short and plain statement of the claim showing that the

25

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

26

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

27

conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

28

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

1

true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at R.J. Donovan Correctional Facility. Plaintiff alleges the events in the complaint occurred at North Kern State Prison in Delano, California. Plaintiff names as defendants: (1) Kristina Funderburk, Kern County Deputy District Attorney, (2) D. Gonzalez, Correctional Lieutenant, and (3) G. Becerra, Correctional Captain.

Plaintiff alleges that Defendant Funderburk, as a district attorney, had a legal and ethical obligation to ensure that Plaintiff was not forced to plea guilty to an offense he could not be legally punished for committing. Defendant Gonzalez was the senior disciplinary officer and was responsible for ensuring that Plaintiff was not wrongfully punished for his conduct which was caused by Plaintiff experiencing a psychotic episode. Defendant Becerra is responsible for reviewing rules violations reports ("RVR") and related documents, including the recommendations offered by the clinician. Defendant G. Becerra was deliberately indifferent to the serious mental health needs of Plaintiff and failed to document his reasoning for proceeding with the disciplinary hearing on the CDCR form 128-B. The form is to be forwarded to the hearing officer and issued to the inmate no less than 24 hours prior to the hearing. Defendant G. Becerra failed to document his reasoning for proceeding and failed to ensure that Plaintiff was not punished for his conduct that was caused as a direct result of his experiencing a psychotic episode.

In claim 1, Plaintiff alleges an Eighth Amendment, 14th Amendment Due Process violation, procedural due process violation in disciplinary proceedings. Plaintiff alleges that on

January 24, 2019, Plaintiff was suffering a mental health psychotic episode that caused him to engage in self-harm by choking himself.  Plaintiff alleges force was used to gain compliance of Plaintiff to take state authorized medication and both he and the officers were injured.[1] As a result of the incident, Plaintiff received a CDCR disciplinary RVR alleging battery on a peace officer, which was referred to the Kern County District Attorney.  The case was accepted for prosecution and assigned to Defendant Funderburk as prosecutor.

A mental health assessment report was ordered as is required for inmates who suffer with mental issues.[2]  Defendant Captain Becerra was supposed to review the report. Plaintiff received a disciplinary hearing conducted before Lieutenant Gonzalez.  During the court proceedings, Defendant Funderburk "subjected Plaintiff to plead guilty and be subject to a 5 year prison sentence for conduct she was aware Plaintiff could not legally [be] punished for."  Plaintiff cannot be held responsible for conduct caused or influenced by mental illness. Each Defendant was deliberately disregarding their own established policies regarding punishing inmates with mental illness.

Plaintiff asks the Court to take judicial notice of Exhibit A to the complaint which is a mental health assessment by chief psychologist E. Bernadine and Exhibit B which is another mental health assessment.  Both indicate that Plaintiff's mental health strongly influenced his behavior.[3]

---

[1] This use of force and other allegations against Officer N. Pascua for the incident on January 24, 2019, are the subject of case *Outhoummountry v. Pascua*, 1:22-cv-104 SAB (E.D.Cal.) against Defendants N. Pascua and M. Childress for deliberate indifference to a serious medical need. Neither Pascua nor Childress are named in this action.  Fed.R.Civ.P. 10 (The title of the complaint must name all the parties.)

[2]  "A Mental Health Assessment is a means to incorporate clinical input into the disciplinary process when mental illness or developmental disability/cognitive or adaptive functioning deficits may have contributed to behavior resulting in a Rules Violation Report. Mental Health Assessments shall be considered by the hearing officer or senior hearing officer during disciplinary proceedings when determining whether an inmate shall be disciplined and when determining the appropriate method of discipline." Cal. Code Regs. tit. 15, § 3317(a).

[3] Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

Plaintiff alleges that Defendant Becerra violated Plaintiff's right to procedural due process in the disciplinary proceeding when he failed to follow the mandatory requirement of the Title 15, §3371 which states that the Captain shall review the RVR and all other documents relevant to the charge, as well as the recommendation offered by the clinician.  If the Captain does not agree, Title 15 requires that the Captain shall document his reasoning for proceeding on a Form 128-B. A copy of the 128-B shall be issued to the inmate no later than 24 hours before the hearing. Defendant Becerra failed to follow the recommendation offered by the clinician on the CDCR from 115-MH-A and failed to document his reason for proceeding with the disciplinary hearing. Defendant Becerra subjected Plaintiff to a due process violation by failing to acknowledge Plaintiff's mental health assessment that Plaintiff's mental health strongly influenced Plaintiff's conduct.

Defendant Gonzalez subjected Plaintiff to an Eighth Amendment violation by punishing Plaintiff for behavior caused by his mental illness.  He refused to follow the mental health assessment that was prepared by a mental health  professional.  Defendant Gonzalez was deliberately indifferent to Plaintiff's procedural due process rights in disciplinary proceeding that Gonzales made his own findings that Plaintiff's mental health did not contribute to Plaintiff's conduct.

Defendant Funderburk violated Plaintiff's constitutional rights by subjecting Plaintiff to an unlawful prosecution due to his mental illness. Defendant Funderburk was aware of Plaintiff's mental illness and the mental health assessment and prosecuted him in spite of his mental illness. She had him plead guilty and a 5 year prison sentence that is unauthorized by law.

Plaintiff seeks compensatory and punitive damages.

---

accuracy cannot reasonable be questioned. Fed. R. Evid. 201(b). Here, the information or facts Plaintiff seeks this Court to take judicial notice of facts that cannot be judicially noticed. Rather, the information or facts Plaintiff wants judicially noticed are medical opinions. See, e.g., *M/V Am. Queen v. San Diego Marine Constr. Corp.,* 708 F.2d 1483, 1491 (9th Cir. 1983) (a court cannot generally take judicial notice of the underlying "factual findings of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it").

### III.   Discussion

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

#### A.  Prosecutorial Immunity

To the extent Plaintiff is attempting to bring suit against Assistant District Attorney Funderburk, this defendant may be immune from suit. "A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.' " *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). Therefore, Defendant Funderburk would be entitled to prosecutorial immunity for actions associated with Plaintiff's criminal prosecution.

#### B.  Heck Bar

Plaintiff may be attempted to challenge events of his conviction.  It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of

1   confinement or its duration.*" Id.* at 81–82.

2       Plaintiff's damages allegations expressly implicate the validity of his confinement.

3   However, Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that

4   the conviction or sentence has been reversed on direct appeal, expunged by executive order,

5   declared invalid by a state tribunal authorized to make such determination, or called into question

6   by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

7       **C. Habeas Corpus**

8       To the extent that Plaintiff is attempting to challenge the validity of his conviction, the

9   duration of conviction, or his incarceration, the exclusive method for asserting that challenge is

10  by filing a petition for writ of habeas corpus. As stated above, state prisoners cannot challenge the

11  fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas

12  corpus relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action

13  to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or

14  appropriate state relief) instead.").

15      **D. False Rules Violation Report and Disciplinary Hearing**

16      It appears Plaintiff's main complaint is a Due Process violation for being falsely accused

17  of improper conduct while under a psychotic state and his resulting disciplinary hearing.

18      Prisoners do not have a liberty interest in being free from false accusations of misconduct.

19  The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se

20  violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at

21  *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no

22  constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which

23  may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded

24  procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a

25  claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal.,

26  June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not

27  directly addressed this issue in a published opinion, district courts throughout California ... have

28  determined that a prisoner's allegation that prison officials issued a false disciplinary charge

against him fails to state a cognizable claim for relief under § 1983.").  Plaintiff fails to state a claim for the purportedly false accusations.

Plaintiff also claims that he should not have been charged because the conduct was the result of a psychotic event. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached ...." *Hill*, 472 U.S. at 455–56 (emphasis added).

Plaintiff does not allege factual support that that his disciplinary action failed to comply with the *Wolff* elements.  The Due Process clause does not preclude disciplinary proceedings for conduct arising from a psychotic event. *See Crisp v. Duffy*, No. 2:16-CV-0288 DB P, 2018 WL 746470, at *3 (E.D. Cal. Feb. 6, 2018) (finding plaintiff's contention that his mental distress is an "atypical and significant hardship" that justified the application of special procedural protections at the RVR hearing is not supported by law); *Sandin v. Conner*, 515 U.S. 472, 485, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995) (*Wolff* factors are considered for discipline by prison

officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.)  Moreover, Due Process is not violated where the hearing officer failed to believe certain evidence. Plaintiff has failed to allege that Plaintiff was not provided Due Process as required by the *Wolff* elements.

### E.  Violation of Consent Decrees

It is unclear whether Plaintiff is claiming that Defendants have violated any consent decrees, such as in the *Coleman* case. To the extent Plaintiff contends that Defendants have failed to comply with any remedial order in these cases, his claim fails.

It is well-settled that the remedial order issued in *Coleman* and relate cases does not provide an independent cause of action under § 1983 as the order does not create or expand on a plaintiff's constitutional rights. *Coleman v. CDCR*, No. 09-cv-02192-SKO PC, 2011 WL 2619569, at *4 (E.D. Cal. July 1, 2011) (citing *Cagle v. Sutherland*, 334 F.3d 980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights)); *see also Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights and cannot serve as a substantive basis for damages). "[A]ny violations of the remedial plan developed in *Armstrong* do not provide an independent basis for relief in this court. Violations of the *Armstrong* Remedial Plan must be addressed through the procedures provided by that plan." Montecastro v. Newsom, No. 1:20-CV-00689 SAB(PC), 2020 WL 6484097, at *5 (E.D. Cal. Nov. 4, 2020), report and recommendation adopted, No. 1:20-CV-00689 NONE SAB (PC), 2020 WL 7319423 (E.D. Cal. Dec. 11, 2020). If Plaintiff has concerns about the actions under the *Plata/Armstrong/Coleman* consent decrees, he should express those concerns to the class representative or court in those cases.

### F.  State Law Violations

Plaintiff alleges various violations of Title 15.

To the extent that purported defendants have not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See, e.g.*, *Nible v.*

*Fink,* 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

## IV.    Conclusion and Order

Plaintiff's complaint fails state a cognizable claim for relief.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal,* 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 29, 2022**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE