# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEN OMAR OUTHOUMMOUNTRY,<br><br>Plaintiff,<br><br>v.<br><br>FUNDERBURK, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00954-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Stacen Omar Outhoummountry ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint was screened, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed on October 19, 2022, is before the Court for screening. (ECF No. 13.)

**I.       Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at R.J. Donovan Correctional Facility.  Plaintiff alleges the events in the complaint occurred at North Kern State Prison in Delano, California.  Plaintiff names as defendants: (1) Kristina Funderburk, Kern County Deputy District Attorney, (2) O. Gonzalez, Correctional Lieutenant, and (3) G. Becerra, Correctional Captain.

In claim 1, Plaintiff alleges a violation of the Eighth Amendment and Due Process of the Fourteenth Amendment. On January 24, 2019, Plaintiff experiences a psychotic episode that resulted in Plaintiff getting physical with the correctional officers present at the time.  As a result of Plaintiff becoming physical with the officer while experiencing a psychotic episode, Plaintiff was issued a Rules Violation Report, 115, for battery on a peace officer.  Plaintiff was suffering from a mental illness and was a participant in the Enhanced Outpatient Program ("EOP").  When a 115 Rules Violation Report is issued, it is mandatory requirement that a mental health assessment be conducted on the inmate to determine if mental illness contributed to the behavior that resulted in the RVR.  Prior to the disciplinary hearing, the mental health assessment reports are supposed to be reviewed by the Facility Captain, Defendant G. Becerra.  Plaintiff's RVR was referred to the District Attorney for criminal prosecution by the Kern County District Attorney's office.

Plaintiff had a mental health assessment conducted[1] and it was determined by mental

---

[1] "A Mental Health Assessment is a means to incorporate clinical input into the disciplinary

2

health Chief phycologist E. Bernadina that Plaintiff's RVR "be heard in the alternative" stating that mental health factors played a significant role in Plaintiff's behavior at the time of the RVR. Plaintiff cites Exh. A and B attached to the amended complaint. Exhibit A is a portion of a disciplinary hearing report. Exhibit B a mental health assessment which reflects that Plaintiff's mental illness strongly influenced Plaintiff's behavior. In Exhibit C, another mental health professionals stated that Plaintiff's mental disorder contributed to the behavior leading to the RVR.

Plaintiff's Due Process rights were violated by Defendant G. Becerra failing to document his reasoning on the California Department of Corrections and Rehabilitation ("CDCR") 128-B form, for preceding with the RVR, as required by CDCR policy, after mental health professionals recommended the RVR be heard in an alternative manner. Defendant G. Becerra also failed to forward the CDCR 128-B to Plaintiff and to the senior hearing officer.

Defendant O. Gonzales violated the Eighth Amendment for punishing Plaintiff for behavior that was caused or influenced by mental illness. Defendant O. Gonzales violated Due Process when Defendant failed to document Plaintiff's behavior that lead to the RVR in an alternate manner as directed to do so by three mental health professionals.

Defendant Funderburk violated the Eighth Amendment when she elected to punish Plaintiff for his behavior that was caused or influenced by mental illness. Defendant Funderburk was aware that in her conduct, she was punishing Plaintiff for conduct that was caused by or influenced by his mental illness. She is therefore not immune for her conduct.

Plaintiff seeks compensatory and punitive damages.

**III.    Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

///

process when mental illness or developmental disability/cognitive or adaptive functioning deficits may have contributed to behavior resulting in a Rules Violation Report. Mental Health Assessments shall be considered by the hearing officer or senior hearing officer during disciplinary proceedings when determining whether an inmate shall be disciplined and when determining the appropriate method of discipline." Cal. Code Regs. tit. 15, § 3317(a).

3

**A.    Due Process and Disciplinary Hearing**

It appears Plaintiff's main claim is a Due Process violation for being falsely accused of improper conduct while under a psychotic state, his resulting disciplinary hearing, and conviction.

Prisoners do not have a liberty interest in being free from false accusations of misconduct. The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."). Plaintiff fails to state a claim for the purportedly false accusations.

Plaintiff also claims that he should not have been charged because the conduct was the result of a psychotic event. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71.

As long as the *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached ...." *Hill*, 472 U.S. at 455–56 (emphasis added).

Plaintiff does not allege factual support that that his disciplinary action failed to comply with the *Wolff* elements. The Due Process clause does not preclude disciplinary proceedings for conduct arising from a psychotic event. *See Crisp v. Duffy*, No. 2:16-CV-0288 DB P, 2018 WL 746470, at *3 (E.D. Cal. Feb. 6, 2018) (finding plaintiff's contention that his mental distress is an "atypical and significant hardship" that justified the application of special procedural protections at the RVR hearing is not supported by law); *Sandin v. Conner*, 515 U.S. 472, 485, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995) (*Wolff* factors are considered for discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.)

Moreover, Plaintiff attached Exhibit A, which appears to be an excerpt of the disciplinary hearing report.[2] (Exh. A, p. 8 of 10.) The hearing officer found that Plaintiff's mental health did not prevent Plaintiff from complying with orders during the incident, responding to instructions and communicating with officers, and that after the incident, Plaintiff was compliant with orders. The hearing officer found based on these facts, that Plaintiff's attacks were calculated and that his mental health did not contribute to Plaintiff's actions. Due Process is not violated where the hearing officer considered the mental health of Plaintiff, but did not believe the evidence. Plaintiff has failed to allege that Plaintiff was not provided Due Process as required by the *Wolff* elements.

---

[2] The Court considers the complaint itself and exhibits filed concurrently with the complaint. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[courts] not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint") (citations omitted).

Plaintiff has been unable to cure this deficiency.

### B. Prosecutorial Immunity

To the extent Plaintiff is attempting to bring suit against Assistant District Attorney Funderburk, this defendant may be immune from suit. "A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.' " *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). Therefore, Defendant Funderburk would be entitled to prosecutorial immunity for actions associated with Plaintiff's criminal prosecution.

Plaintiff alleges Funderburk prosecuted him despite his mental illness being a cause of the incident. Nonetheless, Plaintiff alleges Funderburk was acting in her prosecutorial role, and therefore, she is immune from suit. Plaintiff cannot cure this deficiency.

### C. Heck Bar

Plaintiff may be attempting challenge his conviction on the RVR and his conviction in the criminal case. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration*." Id.* at 81–82.

Plaintiff's damages allegations expressly implicate the validity of his confinement. However, Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Plaintiff has been unable to cure this deficiency.

### D. Habeas Corpus

To the extent that Plaintiff is attempting to challenge the validity of his conviction, the duration of conviction, or his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus. As stated above, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### E.     State Law Violations

Plaintiff alleges various violations of Title 15 and CDCR policies.

To the extent that purported defendants have not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See, e.g.*, *Nible v. Fink,* 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL

1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

### IV.     Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 2, 2022**          /s/ Barbara A. McAuliffe          _
                                                                    UNITED STATES MAGISTRATE JUDGE

8